UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY JOEL JESSIE-BEY, | ) |
| Petitioner, | ) |
| v. | ) No. 1:17-cv-04578-SEB-MJD |
| KEITH BUTTS, | ) |
| Respondent. | ) |

**Entry Denying Petition for a Writ of Habeas
Corpus and Denying Certificate of Appealability**

Petitioner Gregory Joel Jessie-Bey[1] is an Indiana state prisoner currently incarcerated at New Castle Correctional Facility. For the reasons explained in this Entry, Mr. Jessie-Bey's petition for a writ of habeas corpus must be **denied** and the action dismissed for lack of jurisdiction. In addition, the Court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

In 1994, after a jury trial, Mr. Jessie-Bey was convicted of four counts of criminal deviate conduct, four counts of confinement and two counts of aggravated battery. On direct appeal, the Indiana Court of Appeals reversed one of his convictions for aggravated battery and remanded his case for resentencing. *Salone v. State*, 652 N.E.2d 552 (Ind. Ct. App. 1995). His sentence was reduced from 180 years to 70 years. He later pursued state post-conviction relief unsuccessfully and filed his first federal habeas corpus petition on May 1, 2013. The Northern District of Indiana denied his petition as untimely on July 17, 2013. *Salone v. Superintendent*, No. 3:13-CV-371 JD, 2013 WL 3777236 (N.D. Ind. July 17, 2013).

---
[1] The petitioner was convicted as Orza Salone and later changed his name.

Mr. Jessie-Bey filed this petition on December 21, 2017. The respondent filed a return to the order to show cause on February 28, 2018. Mr. Jessie-Bey submitted affidavits on March 22, 2018, which the Court construed as a reply. The Court denied the petition because it was a successive petition and Mr. Jessie-Bey had not sought permission from the Court of Appeals to proceed with a successive petition under 28 U.S.C. § 2244(b). Two days after judgment was entered, Mr. Jessie-Bey moved for an extension of time to reply to the respondent's return. The Court vacated the judgment and granted Mr. Jessie-Bey's extension. He filed a reply on May 3, 2018, arguing that his first § 2254 petition was actually a lien enforcement motion. The action is now ripe for review.

## II. Discussion

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). It "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). Therefore, "[a] district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.*

Here, Mr. Jessie-Bey has previously sought federal habeas relief for the convictions at issue in his petition. Although he argues in his reply that the previous action was a lien enforcement motion, the Northern District of Indiana treated his motion as a habeas petition under § 2254.

"Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States,* 540 U.S. 375, 381 (2003); *United States v. Lloyd,* 398 F.3d 978, 980 (7th Cir. 2005) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." (citing *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004)).

The substance of Mr. Jessie-Bey's 2013 petition in the Northern District of Indiana challenged the validity of his state court conviction. Although he titled it as a lien enforcement action, it was proper for the Northern District to construe his petition as a petition for writ of habeas corpus under 28 U.S.C. § 2254. In order to seek habeas relief again, Mr. Jessie-Bey was required to seek permission to do so from the Court of Appeals. There is no indication he sought permission from the Court of Appeals to pursue a successive petition. Accordingly, this Court lacks jurisdiction over Mr. Jessie-Bey's petition and it is therefore dismissed.

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner has encountered the hurdle produced by the limitation on filing second or successive habeas petitions without authorization. His petition for a writ of habeas corpus is therefore dismissed for lack of jurisdiction.

Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that no reasonable jurist would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 6/6/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GREGORY JOEL JESSIE-BEY
944875
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov